Mr. Chief Justice Shamcey
delivered the opinion of the court
This suit was brought on an administrator’s bond in favor of a judgment creditor. The declaration avers that goods and chattels, to the value of twelve thousand dollars, came to the hands of the administratrix; that afterwards, to wit, in May, 1840, the plaintiff Cunningham recovered a judgment against her in her capacity of administratrix of John G. Singleton, for the sum of $3560. The breach is that the administratrix has not well and truly administered, but has failed so to do in this, that she has not paid the judgment.
The defendants filed two pleas, to which the plaintiff demurred, and the court overruled the demurrers, and this is relied on as *443 error. The first plea is ple?ie administravit. This plea is founded on the law which, in England, gives a preference to certain creditors of an estate over others, according to the grade of their debts, judgment creditors having a preference over debts of an inferior dignity. This being the case, the administrator is bound to pay the debts according to their grade, and if in doing so the assets are exhausted, he may plead plene admin-istravit when sued for a debt of inferior dignity. By our statute this distinction is abolished, and all debts stand upon an equal footing. If there is not enough to pay the whole, the assets must be equally distributed. This, however, is but the general rule, and it is subject to exceptions. There are preferred debts here, and if an administrator has exhausted the assets in paying such, then he may plead plene administravit. Perhaps there are but few cases that will warrant such a plea, but if there be any case in our law that w.ill warrant it, then it is not necessarily a bad plea, as we cannot know wh'ether proof will sustain it or not. In the case of Dye’s Adm'rs v. Bartlett, 7 How. 224, we decided that a judgment recovered before the death of the intestate was a preferred debt, that a lien had attached, and was not divested or altered so as to place the judgment creditor on a footing with general creditors, and that he was entitled to prior satisfaction. It may be that the admin-istratrix exhausted the assets in paying such debts or other liens, which existed as such in the lifetime of the intestate, and if so she has a right to this plea. Whether the proof will sustain the plea, is another question. Of that we can know nothing; we are only to decide on the legal sufficiency of the plea; according to our law, there are cases in which such a plea is proper, and perhaps it may turn out on proof that this is one of them. The demurrer to this plea was properly overruled.
The second plea is in substance this; -that on the fourth Monday of June, 1842, the administratrix presented her final account of her administration of all the assets of the deceased to the probate court; that Cunningham appeared and contested the settlement; that such proceedings were had thereon; that afterwards, at April term, 1843, it was ordered that said *444 account, showing a balance due the administratrix of $4155, be allowed and confirmed; and concludes by averring that such balance is still due, over and above the assets that came to her hands. This plea was manifestly bad. The fact pleaded constitutes no bar in law to the plaintiff’s right of action on the bond for maladministration. The probate court could not create such a bar by its judgment. A creditor who has been injured, has a legal right to his remedy on the bond. The bond gives a remedy, over which the probate court has no control, and having none, it can enter no judgment which will operate as a bar to an action on the bond. What weight its judgment might be entitled to as evidence on a trial for a devastavit, we need not now determine.
It is insisted that the declaration is defective, inasmuch as it does not allege that the defendants have not paid the full penalty of the bond. It alleges the failure to pay the judgment, and that by means thereof an action hath accrued to the plaintiff to have and recover of defendants the sum of $70,000, which is the penalty. This is equivalent to an averment that the defendants have paid none of the penalty, and is sufficient. Perhaps the averment of a failure to pay the judgment would have been sufficient, as the bond is but inducement to the action. This is a proper conclusion when the debt arises dehors the bond. 1 Chitty, 362.
Judgment reversed and cause remanded.